The last case on this morning's docket is the case of Smith v. Vanguard. We have Mr. Phil Hamilton for the appendix, and Mr. Michael Hertz for the affiliate, and you may proceed. Thank you, Your Honor. I may please record opposing counsel. This case involves an IRA that was owned by Attorney Don Smith at the time of his death. The parties had gone through a divorce. There was an injunction entered preventing any kind of changes of beneficiary or any changes on an account. While the divorce was pending, Mr. Smith changed the beneficiary designation on the IRA from his spouse, Joanne Smith, to his sons. Joanne Smith had no information or knowledge of that change. Eventually, the court and the parties dismissed the divorce. There was an order entered in the case basically dissolving the injunctions. And so after his death, we come to find out that the change of beneficiary designation had been made while that divorce was pending and while the injunction was pending. We filed a suit for declaratory judgment to get it changed back the way it should have been. The trial court's order dismissing the complaint is obviously wrong. If the trial court's order was correct, that would mean parties could just file an injunction. They wouldn't be bound by the injunction. There are no cases supported by the appellees in this case to support the outcome that the trial court reached. Not one case cited in our motion to dismiss. The court volunteered in some of its own cases to support the proposition that, you know, based on various principles of res judicata and so forth, that once the divorce was dismissed, that that basically eliminated all of the prior orders, including the injunction. That can't be correct. That's obviously got to be wrong. And there's authority right out of this court in this Southern Illinois Medical Business Associates case, which relies on a Supreme Court case that says the parties must adhere to that injunction while it is in effect. They can't just willy-nilly decide, well, we're going to do something different. We're going to change the beneficiary designation on that IRA and then years later have that be given effect. There's only one piece of case cited by anybody, and that's this New York Life Insurance case, and that supports our position. That case clearly stands for the proposition that where the beneficiary designation is changed while injunction was in effect, that it was not too late in the subsequent action to fix the erroneous action of that individual. And that case involved a life insurance policy. The relevant dates are that on July 31, 2013, the decedent designated Joanna Smith as his beneficiary. On August 8, 2013, a preliminary injunction was entered in the divorce case, and another case that had been pending, which was consolidated, saying that all accounts are frozen, you couldn't change any beneficiary designations, you couldn't do anything with it. That remained in effect until then on March 13, 2014, the decedent changed the beneficiaries to his sons, and that was a void act. That was on March 13, 2014. That act was void. The paperwork that was filed was void. It was void as if that act and that change of beneficiary had never been done. On August 25, 2014, the parties by agreement dismissed their divorce, and there was an order entered by the court that basically said all hold orders in the above cases are dismissed and withdrawn by this order, which basically said that there's no longer an injunction in effect as of right now, October 29, 2014. What the attorneys want to do is say, let's rewrite that order to say something different. Now let's say that what it really says is all hold orders in the above cases are vacated, void, and without legal effect as though they had never been entered. That's what the appellee's argument was the effect of that order. That can't be correct. The court had subject matter jurisdiction at the time that injunction was entered. It retained jurisdiction at all times, including when the decedent made that change of beneficiary designation. It didn't just retroactively vanish and become void at such times the divorce was dismissed. There's no basis for it. There's not a single authority decided by the court to support that decision. So as part of the court's reasoning of the case, the court kind of briefs the decision, well, maybe he shouldn't have done this change of beneficiary designation, but what was the after the divorce was dismissed? Kind of a well, there's a no harm, no foul type approach to this. So once the divorce was dismissed, then what was the decedent to have done to properly designate the beneficiary of the IRA? And the answer to that is obvious. All you have to do is look at the Vanguard IRA documents, which state clearly that you have to present in writing, signed by the beneficiary, the change of beneficiary. So after that divorce was entered, the only way the decedent could have given legal effect to that change of beneficiary designation would have been to do it all over again. He didn't do it. And of course, why would Joanne Smith have ever agreed to the dismissal of the divorce had she known that the most valuable asset that was part of a marital estate, an IRA, with a value of $500,000, if she had known that the beneficiary designation had changed, she never would have agreed to dismiss that divorce. Nobody in their right mind would agree to do that. So the outcome of that issue is the decedent would have had to refile paperwork. The problem with the court's order in this case, which should be reversed, is that the effect of this would otherwise be that you would excuse this decedent from his willful violation of the court's orders of injunction. The court can't hardly adhere to that. You would be giving effect to the change of beneficiary as if that injunction had never existed and never been entered. There would be no penalty whatsoever for the failure to adhere to the court's order of injunction. You wouldn't be punishing the decedent for what he did that was in opposition to the court's order. You'd be punishing Joanne Smith for the loss of the IRA. That's certainly inequitable and unjust, but from a legal standpoint, it's absolutely baseless. The court's order would basically say you can violate the court's order as long as nobody finds out about it, there's no penalty, and the result of that would be you would undermine respect for the court's orders. Unless there are any questions, I'll reserve my time for rebuttal. Do you have argument, Mr. Hurts? May it please the court, counsel. My name is Michael Hurts. I represent Scott and Jeffrey Smith, the only children of Donald Smith deceased. On March 13, 2014, Donald Smith named his sons as the beneficiaries of his Vanguard IRA. This designation became effective, if not immediately, no later than October 29, 2014, when Donald and Joanne Smith stipulated to the dismissal of their divorce case and expressly, in this order that's in my appendix, dismissed and withdrew the hold orders related to their financial accounts which were in place during the divorce. Now, it's helpful to understand some of the background that led up to the issuance of this injunction that's at issue in this case. On August 6, 2013, Donald Smith filed petition for issuance of temporary restraining order and preliminary injunction against his wife, Joanne Smith. In that petition, Mr. Smith alleged that he was admitted to Alton Memorial Hospital by his wife on July 21, 2013, and that he was discharged from the hospital on August 2, 2013. Mr. Smith claimed, and his petition is also in my appendix, that during the time period in which he was in the hospital, that Joanne Smith made various withdrawals from his accounts without his authorization. He alleged, for example, that on July 22, 2013, she forged his signature to withdraw funds from his accounts at Regions Bank, and that she withdrew in excess of $134,000 from his U.S. Bank and Regions Bank accounts between July 22 and August 2, 2013, and that those funds were deposited into her single-name individual account. While not mentioned in the petition for temporary restraining order, the Vanguard Group processed an account change on Mr. Smith's IRA during this same time period. When you say not mentioned, where's... It's not mentioned in Mr. Smith's... It says all other bank accounts. I'm saying that he didn't make any mention in his petition for temporary restraining order. He didn't mention the Vanguard account in his petition. He didn't? He did not. Okay, but then the court's order, though, does not write down the Scott trade or... Right, and I will get to that. Okay. Because I do think that that order may apply to the Vanguard account. Well, it says all accounts. Right, right. Investment accounts. The point that I'm making right now is more about the time period of what's going on. And so on July 31, 2013, this is when Mrs. Smith's name was added to the Vanguard IRA. This is during the same period of time when Mr. Smith is in the hospital, and he's claiming that on these other accounts that she's forging his signature and taking out funds. So I mention this only because the appellant has mentioned that, well, there's really no dispute as to what happened, that she was designated as the IRA, and we haven't had a chance to litigate that issue because the complaint was dismissed on a motion to dismiss. But one of the requests for relief that they have asked for is that the court just reverse the order and declare that Mrs. Smith is the owner of the IRA. Okay. Can you go back and walk me through this? And you're saying at the time that she was added as the beneficiary is when he was very compromised in the hospital. Correct. Is there any allegation that that was fraudulently obtained? That hasn't been litigated. Okay. And so my point is I'm asking. But he couldn't have gone to the bank at that time or wherever the Vanguard account was held. Correct. I mean, that has not been litigated. So I'm just asking that you, to the extent that you might be inclined to reverse, which I believe the trial court got this correctly, that you realize there are issues here that would still need to be litigated. Okay. And that it would be improper to just declare that she is the owner of the IRA. Okay. Then can I go back before? Who were the beneficiaries then before she was designated in July? There were no beneficiaries. There were no. Okay. So. But generally then there's got to be, there was no language, a presumption of who the beneficiary would be. Well, it would have passed under, and he had no will. He had no will. So it would have passed under the laws of intestacy. Okay. Sometimes lawyers don't take care of their own business. I bet. Yeah. So Mr. Smith also alleged that when he attempted to return home on August 2nd, after he was discharged from the hospital, that his wife denied him access to the residence, which contained his bank statements, his credit cards, his checkbooks, his financial records. We get the picture there was some bad blood going on. And that's all in my brief. So what then happened is the petition for TRO was filed on August 6th, 2013. And then on August 8th, the preliminary injunction is issued. And it does not specifically say, you know, that changing beneficiaries on accounts is prohibited. What it does say is this. It says, pursuant to the party's stipulation, all other bank accounts, credit union accounts, investment accounts, including the Scottrade account, and any other accounts holding funds or investments of the party shall be closed to any transactions, and no trades, transfers, transactions, buy orders or sell orders, withdrawals or deposits shall be made from any accounts without the written agreement of both Mr. and Mrs. Smith. Are you saying that that would exclude any reference to what happened here? Well, I'm not conceding the point that it explicitly says you can't change a beneficiary. I mean, the question would be, is a beneficiary change a transfer or a transaction? The lower court dismissed on other bases, but I'm not conceding that a beneficiary change is prohibited. Okay. So then, as Mr. Hamilton indicated, on March 13th, 2014, while that order was in place, Mr. Smith named his sons, Scott and Jeffrey, as the primary beneficiaries of the IRA, of the Vanguard IRA. And then on October 29th, Mr. and Mrs. Smith stipulated the dismissal of their divorce, and as part of that dismissal, they expressly agreed that all old orders as to the financial accounts of the parties are dismissed and withdrawn by this order. When they use the language dismissal and withdrawn, my position is when you're saying it's withdrawn, I believe that means it's vacated. Do you think withdrawn means it never happened to begin with? No. Okay. No. But I think you can also vacate an order, and that doesn't mean that it never happened. But the effect of a vacated order, and this is addressed in the New York Life case that Mr. Hamilton cites, if an order is vacated, then that order is then void. And that's in the New York Life case. Our argument is this, that the trial court properly dismissed the complaint for two reasons. We sought dismissal under 619A4 and A9, that it was barred by prior judgment that there was other affirmative matter that supported the dismissal. As the court addressed in its order, when the divorce case was dismissed under 750 ILCS 501D3, any temporary order entered in the case terminated when that final judgment was entered or when the petition for dissolution is dismissed. We also argued and the court agreed that dismissal was proper under A9, the other affirmative matter that not only was the case just simply dismissed, but the parties went to the extra step of indicating in the stipulated order for dismissal that all of these prior hold orders were dismissed and withdrawn. They took the time to specifically state that in the order Mr. and Mrs. Smith both signed off on that. So under Illinois law, and this is in the New York Life case, the effect of a vacated order is that of a void order. A void order is a complete nullity from its inception and has no legal effect. The cases that the plaintiff has cited in their brief are distinguishable from this case. The New York Life case involved a party that died while a divorce was pending. Similarly, the Ignatius case, the party died while a divorce was pending. And none of these cases deal with the circumstances that we have here where the parties were both alive, they stipulated to the dismissal of their divorce, and they took the step of saying these prior orders are dismissed and withdrawn. Let's talk about void versus voidable. To support your position that the TRO was void, you would have to also assert that the court never had proper jurisdiction. I'm just simply saying that it has that effect. I think what you are saying is it's voidable. Well, and I think that's what the trial court said in their order, that it was at best voidable. Voidable, at best. Because you'll have to concede the court had jurisdiction to enter the TRO. Absolutely, I do agree with that point. So our position, well, Mr. Hamilton talks about the designation of Vanguard, and he would have to have gone back and refiled paperwork. Vanguard had already processed the account change. They issued a confirmation in March. That's in the record. There's no reason. I mean, Mr. Smith couldn't have gone. There was nothing that would have stopped him on October 30th of filing another beneficiary change. But that had already been processed. It was already processed in March. There's no need to make him go back and do that again when Vanguard had already processed the account change. After that divorce was dismissed, he was free to leave that to his children or whoever he wanted to. And Mrs. Smith may or may not have known about that whenever it happened, if he did it after October 29th. So to say that he's got to go do it again when Vanguard has already processed it and he's complied with everything that they require of him seems unnecessary. So what we're asking you to do, Your Honors, is to affirm the decision of the trial court in this matter and to affirm the dismissal of the complaint. Thank you. Thank you, Mr. Hurst. Rebuttal, Mr. Hamilton. One of the issues that they raised in their motion to dismiss, and was certainly not the basis for the dismissal of the case, was that this Vanguard IRA was not covered by the injunction. That injunctive order clearly covered every single account. And there was a subsequent order, which is in the record, entered on December 20th, 2003, in which the parties stipulated that they could make a required minimum distribution from the Vanguard IRA That's a record C-57 and 58. So not only was the Vanguard IRA covered by this injunctive order, the parties entered into a stipulation on December 20th, 2013, so that they could make the required minimum distribution from the Vanguard IRA. So it obviously applied to all of the accounts. Their argument basically is tantamount to an admission that the court shouldn't have dismissed the case. They want to get into all these factual issues. They want to go back and talk about the issues between the spouses, and that there were changes on other bank accounts and things like that. I have no idea why those issues are going to be a defense in this case, because they're not going to be a defense. You can make a change on that beneficiary designation while there's an injunction in effect, regardless of whatever subjective reasons you have for wanting to make that change, or even whatever objective reasons you might want to have to make that change, because maybe spouse did something to change on a bank account. That's got nothing to do with it. They basically want to go back and try this case. So certainly a dismissal of the case on the merits of the pleading stage, based on the defense that they're raising in their appeal, isn't going to take them any place on having this court's order affirmed. If anything, they appear to want to go back and go to trial. So in the end, it seems like we're really down to an issue of what was the effect of that order of dismissal. It says it was withdrawn. It says it was dismissed. That certainly isn't anything tantamount to the court saying I'm going to dismiss the entire case. Well, let me ask you about that, counsel. I'm looking at that order, and it is signed by both parties, and both parties' attorneys, apparently. And it uses the agreed language withdrawn by this order. What's the effect of that? Withdrawn and dismissed meant that the injunction came to an issue on that date, pursuant to stipulation of the parties and pursuant to approval by the court. But it certainly wasn't to the effect that the court was saying, whoops, we don't even have subject matter jurisdiction here. We never should have entered this injunction. We're going to vacate that thing all the way back to the beginning of the case. There never was an injunction. No harm, no foul, any changes on beneficiaries, no big deal, not a problem. It was a dismissal, and the injunction came to an end on that particular date that the court entered the order. So that language, withdrawn and dismissed, is certainly not tantamount or akin to the order was void, the court had no jurisdiction, the injunctive order was void as if it had never been entered. Certainly not. So the only other issue that I see the attorneys raising in defense of their position here is to say, well, if he would have done this, he could have refiled paperwork. Paperwork had already been done. He certainly could have refiled a beneficiary designation. He could have changed the beneficiary on his IRA every day until the day of his death if he wanted to. He had the right to change the beneficiary designation. But the one that was done at the time that injunction was entered was void. It was illegal because there was an injunction in effect that prevented him from making that change of beneficiary designation. After the divorce was dismissed, the deceit could have changed the beneficiary a number of times. He could have made it his estate. He could have made it his wife. He could have made it his sons. He could have made it to anybody, but he didn't do that. He never took any affirmative action after that divorce was dismissed to change that beneficiary designation. When did he die? Your Honor, I know it's in the brief. I don't recall the exact date of death, but it was— What month? Do you recall the month? Maybe March 2015. I'm sorry. I just don't remember that date. It was a significant amount of time after the change of the beneficiary designation. So, yes, he would have had to refile paperwork. That's the answer to that. And then I think in a final grasp to somehow sustain this obviously erroneous order entered by the trial court, they said that this beneficiary designation that was illegal at the time, then it just magically became okay and effective after dismissal of the divorce. There's nothing to support that. There's not a single case. It's not even a matter of fact that that would be the correct answer to that issue. I would ask this court to reverse this case and find that it's based on a legal issue of whether we ever made an effective change of beneficiary designation. If it was ineffective at the time that it was done, it goes back to Joanne Smith and she gets the IRA. That's the case. Just that. Thank you, Mr. Hamilton. Thank you, Mr. Hertz, for your briefs and arguments, and we'll take the matter under advisement. And we stand in recess until 1 o'clock. All right. Thank you.